UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAREN SPRINGER, as Proposed Executrix of the :
Estate of CYNTHIA SPRINGER, Deceased, :
:
Plaintiff, :
:
-against- : **<u>MEMORANDUM AND ORDER</u>**
: **<u>OF REMAND</u>**
PARKER JEWISH INSTITUTE FOR : **22-cv-5099(DLI)(RLM)**
HEALTHCARE & REHABILITATION, :
:
Defendant. :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On April 13, 2022, Karen Springer ("Plaintiff"), as Proposed Executrix of the Estate of Cynthia Springer ("Decedent"), filed a verified complaint in New York State Supreme Court, Queens County ("state court"), alleging that unsafe and inadequate conditions caused by Parker Jewish Institute for Healthcare & Rehabilitation's ("Defendant") gross negligence in violation of New York Public Health Law ("NYPHL") resulted in Decedent's wrongful death due to COVID-19. *See*, Complaint ("Compl."), Dkt. Entry No. 1-1 ¶¶1, 5, 22, 33, 69-74, 76, 83-89. On August 26, 2022, Defendant removed this action to this Court invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331 and federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).[1] *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1, ¶2.

Defendant asserts that the Complaint alleges a cause of action for "physical injury resulting from willful misconduct" related "to the administration of COVID-19 measures" thus triggering "complete preemption" under the Public Readiness and Emergency Preparedness Act ("PREP

---

[1] Defendant also purports to rely on 28 U.S.C. §§ 1332, 1367, 1441, and 1446 as bases for removal. *Id*. However, there are no facts supporting diversity of citizenship or supplemental jurisdiction, in accordance with § 1332 or § 1367, respectively. Furthermore, while §§ 1441 and 1446 pertain to the removal of actions, neither addresses the factors that confer subject matter jurisdiction on a federal court.

Act"). *Id.*, ¶¶10, 12, 16, 24-29, 41. Defendant also claims that removal pursuant to the federal officer removal statute is warranted because residential care facilities were enlisted by the government to combat COVID-19. *Id.*, ¶¶19, 41.

On September 7, 2022, Defendant requested an extension of time to answer or otherwise respond to the Complaint, a stay of all motion practice, and leave to file a motion to dismiss. Def. Ltr., Dkt. Entry No. 5. By Electronic Order issued on September 15, 2022, these requests were denied and, instead, the Court ordered Defendant to show cause by September 30, 2022 why the action should not be remanded for lack of subject matter jurisdiction and directed Plaintiff to respond by October 14, 2022. However, Defendant failed to comply with the Order to Show Cause ("OTSC") deadline and, by Electronic Order issued on October 6, 2022, directed Defendant to respond to the OTSC by October 13, 2022 and Plaintiff to respond by October 27, 2022. On October 13, 2022, Defendant filed its letter brief. Def. Ltr. Br., Dkt. Entry No. 89. On October 23, 2022, Plaintiff responded and requested that this case be remanded on the grounds that the PREP Act does not apply in this case and no federal question is presented that would confer subject matter jurisdiction on this Court. *See,* Pl. Ltr. Br., Dkt. Entry No. 9.

For the reasons set forth below, this case is remanded to state court for lack of subject matter jurisdiction.

### DISCUSSION

I.   **Federal Question Jurisdiction and the PREP Act**

   A.   **Legal Standard**

The federal removal statute permits, in relevant part, the removal of a "civil action . . . of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A federal district court has original jurisdiction of all civil actions "arising under the Constitution,

2

laws or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by the well pled complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 568 (2d Cir. 1995) (quotation and citation omitted). It is well settled "that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint[.]" *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

The PREP Act, enacted in 2005 and amended on March 27, 2020, "provides covered persons with immunity from suit for all claims of loss caused by, arising out of, relating to, or resulting from the administration or use by an individual of covered countermeasures, which include certain drugs, biological products, and devices." *Gerber v. Forest View Ctr.*, 2022 WL 3586477, at *3 (E.D.N.Y. Aug. 22, 2022); 42 U.S.C. § 247d-6d(a)(1). "In March 2020, the Secretary of Health and Human Services (the "Secretary") issued a declaration to provide immunity from liability for activities related to medical countermeasures against COVID-19." *Id.* at *2 (citation omitted). When the Act applies, the remedy available to an injured plaintiff is compensation from a fund administered by the Secretary, unless there is death or serious physical injury caused by willful misconduct, in which case an action may "be filed and maintained only in the United States District Court for the District of Columbia," after administrative exhaustion, or a plaintiff may elect to accept compensation if eligible. *Id.* at *3 (citation omitted). "The PREP Act expressly preempts conflicting state laws and, in the view of the Secretary, implicates

3

'substantial' federal legal and policy interests." *Id.*

Circuit courts around the country and the district courts within the Southern and Eastern Districts of New York consistently have found that the PREP Act does not confer federal jurisdiction. *See, e.g.*, *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237 (5th Cir. 2022); *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210 (7th Cir. 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022); *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021); *Rivera v. Eastchester Rehab. & Health Care LLC*, 2022 WL 2222979, at *2 (S.D.N.Y. June 21, 2022) (collecting cases). The Second Circuit has not yet ruled on this issue although it heard oral arguments on October 31, 2022 on two cases pending before it. *See*, *Leroy, et al. v. Hume, et al.* 21-2158-cv, 21-2159-cv; *Rivera-Zayas v. Our Lady of Consolation Geriatric, et al.*, 21-2164-cv. This case is identical to countless other cases that were removed to federal court from state court via the PREP Act and subsequently remanded. For the reasons set forth below, this Court joins the consensus of district courts in the Second Circuit and circuit courts around the country in finding that the PREP Act does not confer federal question jurisdiction and Defendant is not a federal officer, warranting remand.

**B. Analysis**

The instant Complaint does not allege any federal claims. Instead, it alleges only state law based claims for: (1) a violation of a New York state statute, NYPHL § 2801-d, which allows for private actions by patients of residential care facilities when a patient has been deprived of a right or a benefit as defined by the statute and injury results; (2) wrongful death; and (3) gross negligence. *See*, Compl., ¶¶48-91; Pl. Ltr. Br. at 4-5. Accordingly, federal question jurisdiction does not exist.

Furthermore, the well pled complaint rule prohibits Defendant from "manufacturing"

4

jurisdiction by way of a purported affirmative defense. *Dupervil v. All. Health Operations, LCC*, 516 F. Supp.3d 238, 249 (E.D.N.Y. 2021), *op. vac., app. dism. sub nom. Dupervil v. All. Health Operations, LLC*, No. 21-505, 2022 WL 3756009 (2d Cir. Aug. 1, 2022). "Even if some of [Plaintiff's] claims implicate or are preempted by federal law by way of an affirmative defense, such defenses do not appear on the face of the well-pleaded complaint, and accordingly do not authorize removal to federal court." *Gerber*, 2022 WL 3586477, at *5 (discussing claims for, *inter alia,* wrongful death and violation of NYPHL) (quoting *Dupervil*, 516 F. Supp.3d at 249). No purported defense pursuant to the PREP Act appears on the face of the Complaint here. As such, Defendant cannot invoke those defenses as a basis for removal.

Defendant's contentions to the contrary are meritless. Defendant argues that the PREP Act is a complete preemption statute and that "Congress did not leave negligence-based claims to state courts . . . it eliminated them altogether." *See*, Def. Ltr. Br. at 2-3. However, the PREP Act "does not exhibit the 'extraordinary' preemptive force required for complete preemption." *Gerber*, 2022 WL 3586477, at *6 (collecting cases). Indeed, "[c]omplete preemption is rare" and the Supreme Court has recognized only three completely preemptive statutes, none of which are the PREP Act. *Maglioli*, 16 F.4th at 408.

Defendant further contends that Plaintiff pled claims within the scope of the PREP Act because Plaintiff alleges a "causal relationship" between COVID-19 countermeasures and her claims. Def. Ltr. at 4. However, Plaintiff's claims "facially rest on an alleged duty arising from or related to proper standards of general medical and nursing care, not the administration or use of certain drugs, biological products, or devices, *i.e.*, the countermeasures covered under the PREP Act." *Dupervil*, 516 F. Supp.3d at 256; *See also,* Compl., ¶¶1, 33.

Furthermore, despite Defendant's assertions in the Notice of Removal, Plaintiff has not

pled a claim for willful misconduct. Notice, ¶16. While the word "willful" may appear in the Complaint, it does not confer federal question jurisdiction automatically. Moreover, even if Plaintiff has pled that the misconduct at issue here was willful, such a pleading alone would not confer jurisdiction in this Court because claims for willful misconduct via the PREP Act may be brought only in the United States District Court for the District of Columbia after the exhaustion of administrative remedies. *Leroy v. Hume*, 554 F. Supp.3d 470, 475 (E.D.N.Y. 2021).

Finally, without providing any substantive analysis, Defendant asserts that the claims here raise a substantial, disputed federal question pursuant to the *Grable* doctrine. *See*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Consistent with other district courts in this Circuit addressing similar issues, this Court finds that the *Grable* doctrine does not provide a basis for jurisdiction. *See, e.g.*, *Shapnik v. Hebrew Home for Aged at Riverdale*, 535 F. Supp.3d 301, 320 (SDNY 2021) ("This case could not be more different from *Grable*.").

The irony of Defendant's arguments is not lost on the Court. Though Defendant purports to invoke the Court's subject matter jurisdiction, Defendant does so for the sole purpose of moving to dismiss this case. *See*, Pl. Ltr. Br. at 2-3. This "two-step maneuver," whereby Defendant urges the Court to "exercise subject matter jurisdiction over this action and then dismiss Plaintiff's claims based on the unavailability of a remedy in this court" asks the Court "to approve the same 'internally inconsistent' machinations that [the Second Circuit] expressly foreclose." *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, 2021 WL 3549878, at *2, note 3 (E.D.N.Y. Aug. 11, 2021) (quoting *Sullivan v. Am. Airlines*, Inc., 424 F.3d 267, 276 (2d Cir. 2005)).

For the foregoing reasons, the Court finds that the PREP Act does not confer federal question jurisdiction, warranting remand.

## II. Federal Officer Jurisdiction

The federal officer removal statute permits the removal of a case if it is against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). A defendant who is not a federal officer must establish that: (1) it is a "person" within the meaning of the statute; (2) it was "acting under" a federal officer, "which subsumes the existence of a 'causal connection' between the charged conduct and the asserted official authority;" and (3) it has a colorable federal defense. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

To "establish that it is 'acting under' a federal officer, [a] private party must do more than show that it complies with highly detailed federal regulations, or functions under the extensive supervision or monitoring of the federal government." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 607 (2d Cir. 2014). "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal 'official.'" *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).

The Court finds no compelling reason to depart from the robust consensus of cases concluding that entities like Defendant, *i.e.*, nursing homes and healthcare facilities, are not federal officers. *See, e.g.*, *Gerber*, 2022 WL 3586477, at *9. While Defendant may be a "health center that receives federal grants and 'is subject to a host of federal requirements and regulations pertaining to the health services it provides, and the manner in which it expends its funds,' [it] is not 'acting under' a federal officer within the meaning of the [federal officer removal] statute." *Dupervil*, 516 F. Supp.3d at 260 (citation omitted).

7

Defendant's arguments to the contrary are unavailing. Defendant contends that it was a "critical private resource enlisted to do a job the federal government had to do itself but could not" and that long term healthcare facilities were part of the "'critical infrastructure' of the United States in response to the COVID-19 pandemic." Def. Ltr. Br. at 5. However, "these assertions do not evince a 'special relationship' with the federal government or otherwise show that [Defendant was] anything more than 'highly regulated' private persons or entities complying with federal laws and regulations." *Dupervil*, 516 F. Supp.3d at 260 (citing *Watson v. Philip Morris Companies, Inc.*, 551 U.S.at 152-53)). Furthermore, "nursing homes must demonstrate something beyond regulation or compliance" to show that they were acting under federal officers. *Maglioli* 16 F.4th at 404–05. In sum, Defendant is not a federal officer simply because it complied with federal laws and regulations during a global pandemic.

Accordingly, the Court finds that the federal officer removal statute does not confer subject matter jurisdiction, warranting remand.

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Queens County, under Index No. 708084/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
    March 2, 2023

                                                  /s/
                                    DORA L. IRIZARRY
                                  United States District Judge